UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHRYN GARNER, | CASE NO. 2:26-cv-00475-LK |
| Plaintiff, | ORDER GRANTING MOTION TO |
| v. | STAY PENDING MEDIATION |
| LOWE'S HOME CENTER LLC, | |
| Defendant. | |

This matter comes before the Court on the parties' Stipulation to Stay Pending Mediation. Dkt. No. 22. The parties are participating in mediation on October 5, 2026 and request that the Court stay the litigation so they can "focus on the prospect of early resolution rather than litigation" and to "promote efficiency for the Parties and the Court." *Id.* at 1. For the reasons explained below, the motion is granted.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order

ORDER GRANTING MOTION TO STAY PENDING MEDIATION - 1

a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

A stay is appropriate here because a three-month pause in proceedings so the parties can pursue mediation will not cause any damage, nor any hardship or inequity to any party, and will promote the orderly course of justice; indeed, if the parties are able to resolve this matter through mediation, it will result in significant savings of the parties' and the Court's resources. The Court thus GRANTS the parties' motion. Dkt. No. 22. All upcoming case deadlines in the Court's prior order, Dkt. No. 16, are stayed until October 19, 2026. Should the case reach a settlement, the parties must notify the Court in accordance with the Court's Standing Order for All Civil Cases. *See* Dkt. No. 12-1 at 3. Otherwise, by October 19, 2026, the parties must file a joint status report apprising the Court of the outcome of mediation and, if necessary, proposing deadlines for the class certification motion.

Dated this 15th day of July, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO STAY PENDING MEDIATION - 2